UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| Linda I. Randall, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Docket No. 03-135-B-C |
| | ) | |
| United States Postal Service, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION TO
LIMIT OR EXCLUDE EVIDENCE**

Now before the Court is the Defendant's Motion to Limit or Exclude Evidence (Docket Item No. 51). After full consideration of the written submissions on the Motion, the Court takes the following actions thereon:

(1) It is **ORDERED**, without objection by the parties as to the 1996 indecent exposure incident involving Mr. DeFillipo, that the Motion be GRANTED, and it is **FURTHER ORDERED** that all such evidence is to be **EXCLUDED** at trial;

(2) It is **ORDERED**, without objection by the parties, that the said Motion shall be **GRANTED** as to the Decision of the Department of Labor approving Workers' Compensation benefits for the Plaintiff, and it is **FURTHER ORDERED** that all such evidence is to be **EXCLUDED** at trial;

(3) It is hereby **ORDERED** that the said Motion be **DENIED,** on an limine basis, as to testimony as to post-incident EEOC complaints against former plant manager, Louis Sedlitz, without prejudice to objection at trial, and it is **ORDERED** that before offering or referring to such evidence in the presence of the jury, Plaintiff's counsel shall

give notice to the Court and opposing counsel outside the presence of the jury and afford the Court to opportunity to hear counsel on any such objection then made and to rule thereon before the exposure of the jury to any such evidence;

(4)   It is **ORDERED** that the Motion be **GRANTED** as to testimony regarding Michael Dyer's conduct in incidents relating to his investigation of prior activities of Brad McNally, and it is **ORDERED** that all such evidence is to be **EXCLUDED** at trial;

(5)   It is **ORDERED** that said Motion be **DENIED** on an in limine basis as to the pre-October 2000 incidents of acts of sexual harassment by Brad McNally and others, without prejudice to objection to any of such evidence at trial, and it is **ORDERED** that before offering or referring to such evidence in the presence of the jury, Plaintiff's counsel shall give notice to the Court and opposing counsel, outside the presence of the jury, and afford the Court the opportunity to hear counsel on any such objection then made and to rule thereon before exposure of the jury to any such evidence; and

(6)   It is **ORDERED** that the said Motion be **GRANTED**, without objection as to the April 14, 2000 report of a management investigation of sexual harassment charges by Plaintiff and decision is **RESERVED** as to the admissibility of the witness statements (Bates No. D211-223) attached thereto or testimony as to

the contents thereof, pending the offer of such testimony by Plaintiff at trial (out of the presence of the jury) and the making of timely objection thereto.

/s/Gene Carter
Gene Carter
Senior U.S. District Court Judge

Dated at Portland, Maine this 13th day of July, 2005.